————o————

IN THE MATTER OF INQUIRIES SUBMITTED BY HIS EXCELLENCY GOVERNOR SILAS WOODSON.

1. *Supreme Court—Opinions in response to inquiries by governor—Not proper as to law already on the Statute Books.*—Under § 11, Art. VI, of the constitution, it is not proper for the Supreme Court to give an opinion in response to the governor, as to the constitutionality of acts which are already upon the statute books. It is the province of the Supreme Court to give an opinion or adjudicate upon such laws, only when the question of their validity is raised in some proceeding pending before them.

24—VOL. LVIII.

2. *Supreme Court—Opinion in response to Governor—Issue of commission not matter of control or interference by Supreme Court.*—In issuing a commission the governor acts in a political or executive capacity, and he alone can judge whether it should be exercised or not, and the courts can neither control nor interfere with him in the exercise of this right.

*The following inquiries were submitted by the Governor to the Judges of the Supreme Court.*

Under the provisions of the 11th section, of Art. VI of the Constitution, I beg leave to call your attention to certain constitutional provisions and legislative enactments, and most respectfully ask your opinions upon certain questions growing out of them.

The 14th section of Art. VI and the 52nd section of Art. VI of the Constitution, taken in connection with the act approved the 15th of March, 1872, entitled "an act dividing the State into judicial circuits, prescribing the times of holding courts therein and providing for the election of five additional Circuit Court judges and Circuit Attorneys," and the act approved the 31st of March, 1874, as found on page 41 of the acts of the last adjourned session of the General Assembly, embrace all the law, I believe, bearing upon the questions I wish to present.

Section 8 of the first cited act, as found on page 431, (vol. 1, Wagn. Stat.) declares that "the seventh judicial circuit shall consist of the county of Benton." The first section of the act approved March, 31, 1874, adds the county of Benton to the 25th judicial circuit, thereby changing the circuits at a session next preceding a general election ; and the second' section of the same act repeals the section of the act of 1872, making Benton county an independent circuit. The act of 1874 does not take effect till the first of January, 1875.

At the election held on the 3rd of November last, the people of Benton county, elected a judge for the seventh circuit under the act of 1872, holding the act of 1874, above referred to, unconstitutional and void, as it failed to authorize the people of Benton county to vote in the elec-

tion of circuit judge and changed the 25th circuit at a session held in the year next preceding a general election.

It will be seen upon an examination of the first section of the act of 1874, that the 25th circuit consists of the counties of St. Clair, Cedar, Dade, Barton, Vernon, and Benton. The judge elected at the general election, held on the 3rd of November last, by the qualified voters residing in the five counties first above named, has been commissioned.

The gentleman elected, as above stated, in Benton county, as judge of the seventh circuit, under the act of 1872, desires a commission for six years, to commence on the first of January, 1875, the very day upon which, under. the act of 1874, Benton county becomes a part of the 25th Circuit. Hence I inquire :

First—Is the act above referred to, approved the 31st of March, 1874, constitutional ?

Second—From the facts, as I have stated them, is the gentleman, certified according to law to have been elected on the 3rd of November last, as judge of the seventh judicial circuit, entitled to a commission ?

Wagner, Judge, delivered the opinion of the court in response.

The first question propounded is whether the act of March 31st, 1874, attaching Benton county to the 25th judicial circuit, is constitutional; and the second question is, whether the person elected on the 3rd of November, as judge of the Circuit Court of Benton county, is entitled to be commissioned.

In reference to the first interrogatory it is only necessary to say, that the question relates to the constitutionality of an act which has already passed and is upon the statute book. It is the province of the supreme judges to only give an opinion or adjudicate upon such laws, when the question of their validity is raised in some proceeding pending before them. There would be a manifest impropriety in now undertaking, in this form, to pass upon the constitutionality of the act, as private rights have intervened, and these rights should be determined only when the parties interested are regularly before a tribunal where they can be heard.

Secondly, it is well settled that in issuing a commission the Governor acts in a political or executive capacity, and he alone can judge whether the power should be exercised or not, and the courts can neither control or interfere with him in the exercise of this right.

For these reasons we must respectfully decline giving any answers to the questions..

The other judges concur.