34  665
80a 317

WILLIAM THOMAS, Respondent, v. HERMANN
WERREMEYER *et al.,* Appellants.

**St. Louis Court of Appeals, March 5, 1889.**

1.  **Practice, Appellate:** SUFFICIENCY OF PETITION. Objections to
    the sufficiency of a petition, which were not presented by demurrer
    or otherwise in the trial court, will not be considered by an appel-
    late court, when the petition clearly states a cause of action.

2.  **Instructions:** ASSAULT AND BATTERY. In an action for assault
    and battery against two defendants, it is error to instruct that if
    one of the defendants named ( no mention being made of the other )
    made an assault, etc., the verdict should be for the plaintiff. Nor is
    it allowable to instruct as for a possible verdict against one of two
    joint defendants, without any reference to a joint liability on the
    part of both.

3.  **Instructions:** ASSAULT AND BATTERY. An instruction to the
    effect, that, if several persons commit an unlawful assault and bat-
    tery upon another, each of such persons will be liable for all the
    injuries suffered therefrom, is insufficient and improper to be
    given, when it does not include as a condition. that the defendants
    acted in concert and co-operated with each other in the wrongs
    and injuries inflicted.

4.  **Evidence :** GENERAL DENIAL. Under a mere general denial, in
    an action for assault and battery, the defendants should not be
    permitted to introduce evidence tending to prove a justification of
    the assault.

*Appeal from the St. Charles Circuit Court.*—HON.
WILLIAM W. EDWARDS, Judge.

REVERSED AND REMANDED.

*W. B. Thompson* and *Zach. J. Mitchell,* for the
appellants.

There is nothing in the petition or instructions to
show or allege that Werremeyer aided, abetted or
encouraged the assault that Seiff made upon the plaintiff,

but positive and direct testimony that he opposed and prevented any such assault. *McManus v. Lee*, 43 Mo. 207 ; *Allred v. Bray*, 41 Mo. 484 ; *Berry v. Fletcher*, 1 Dillon Cir. Ct. Rep. 67 ; *Bard v. Yohn*, 26 Penn. St. 482 ; *Hilmes v. Stroebel*, 59 Wis. 74 ; Cooley on Torts, secs. 127, 137 ; *Blue v. Christ*, 4 Ill. App. 351. These cases all hold, to entitle plaintiff to a verdict against several defendants as joint trespassers it must appear that they acted in concert in committing the trespass for which the action is brought ; where two or more commit separate trespasses or do separate trespasses tending to produce injury to another without any concert of action, there is no joint liability and consequently there can be no joint recovery against them. *Williams v. Sheldon*, 10 Wend. 654 ; *Watt v. Ogden*, 12 Wend. 39 ; *Weakley v. Roger*, 3 Watts, 460 ; *Frantz v. Lenhardt*, 56 Penn. St. 365 ; *State v. Jones*, 83 N. C. 605 ; *Lamb v. People*, 96 Ill. 73.

*George W. Royse*, for the respondent.

Several parties engaged in an assault and battery may be sued jointly or separately. *Page. v. Freeman*, 19 Mo. 421 ; *Murphy v. Wilson*, 44 Mo. 313. It is only necessary to show a participation by each in the trespass. The extent of the injury done by each one is immaterial. *Allred v. Bray*, 41 Mo. 484. Both Werremeyer and Seiff are responsible in this case as principals. *Cooper v. Johnson*, 81 Mo. 483 ; *Holliday v. Jackson*, 21 Mo. App. 660 ; *McManus v. Lee*, 43 Mo. 206 ; *Canifax v. Chapman*, 7 Mo. 175 ; *Page v. Freeman, supra ; Allred v. Bray, supra*. The defendants were not entitled to justify under a general denial. *Atkinson v. Herron*, 32 N. W. Rep. ( Wis. ) 756 ; *Daily v. Houston*, 58 Mo. 361.

BIGGS, J., delivered the opinion of the court.

This is an action for damages against defendants for assaulting and beating plaintiff. There was a trial by jury resulting in a judgment against defendants for two hundred and fifty dollars. Defendants filed motions for new trial and in arrest of judgment, which were by the court overruled, and the defendants bring the case here by appeal.

There has been no formal assignment of errors filed in this court by defendants, and the only error assigned in defendants' brief, of which the court can possibly take notice, is the giving and refusing of the instructions, to which defendants objected and excepted. There is a great deal said by both sides concerning the character and sufficiency of the petition, but the trial court was not asked to pass on the sufficiency of the pleading. If defendants' counsel were of the opinion that the petition failed to substantially charge a joint assault, or if the petition charged two separate assaults, one by Werremeyer and the other by Seiff, a demurrer ought to have been interposed. The petition may be informal, but it certainly states a cause of action against defendants.

At the close of the testimony, the court on motion of plaintiff, instructed the jury as follows:

"1.   The jury are instructed, that an assault and battery consists in an injury actually done to the person of another, in an angry or revengeful, rude or insolent manner.

"2.   And if the jury believe from the evidence, that the defendant, Herman Werremeyer, without reasonable provocation or excuse, on or about the twenty-eighth day of September, 1886, in the county of St. Louis and state of Missouri, assaulted the plaintiff, and laid hold of him with his hands, or struck him, and wounded and

disfigured the plaintiff by biting off his nose, as alleged in the plaintiff's petition, then the jury should find for the plaintiff.

"3.   And if the jury believe from the evidence, that on said twenty-eighth day of September, 1886, in St. Louis county, Missouri, the defendant Louis Seiff, without reasonable cause or provocation, assaulted the plaintiff, and struck him and beat him with a stick or club, as alleged in the plaintiff's petition, then the jury must find for the plaintiff against *said defendant*.

"4.   And the jury are further instructed, that if several persons commit an unlawful assault and battery upon the person of another, then each person, who participates in such unlawful act, is in law liable to the party injured, for all the damages he may sustain in consequence of such assault and battery.

"5.   If the jury find for the plaintiff, under the instructions of the court, then in assessing his damages, they will take into account the extent of the plaintiff's injuries; the mental and bodily pain and suffering endured by him in consequence of such injuries, his loss of time and cost of medical attendance, whether the bill be paid or not; the circumstances of the plaintiff at the time the injury was inflicted ; and also any permanent injury sustained by the plaintiff, if the jury believe from the evidence that the plaintiff has sustained such permanent injury from the wrongful acts complained of ; and if the jury further find from the evidence that the said assault and battery was wantonly and maliciously committed by the defendants, or either of them, then, in addition to the above, the jury may award exemplary damages, or "smart money" to the plaintiff, not as compensation for the injuries received, but by way of punishment of the defendants, and to deter others from the commission of like offenses.

"6.   The jury are instructed that the terms 'wantonly' and 'maliciously,' as used in the pleadings

and instructions, mean, in law, the intentional doing of a wrongful act, without legal cause, provocation or justification."

To the giving of each of these instructions, the defendants then and there excepted at the time.

And thereupon the defendants asked the court to give a certain instruction on behalf of the defendants, which said instruction is in words and figures as follows:

The court instructs that under the evidence the plaintiff cannot recover.

Which instruction, the court refused, and to which action in refusing said instruction the defendants at the time excepted.

And thereupon the court, of its own motion, gave the following instruction to the jury:

"The court instructs the jury, that if they find from the evidence that while plaintiff and defendant Werremeyer were engaged in a struggle in said defendant's house and that said defendant was using proper force to eject plaintiff from his house on account of plaintiff's misconduct and by reason of plaintiff's creating a disturbance in defendant's house, and that said plaintiff received the injuries from defendant's acting in self-defense, then plaintiff cannot recover in this action, and the jury will find for the defendants—providing the injury complained of was the result of such force as is shown to have been proper and necessary to put the plaintiff out of the house, and no more."

To which action of the court in giving said instruction, the defendants at the time excepted.

The judgment cannot be sustained under plaintiff's instructions. The second instruction tells the jury that if Werremeyer, without reasonable provocation, made an assault on plaintiff, etc., then the jury should find for plaintiff. Under these instructions the jury was authorized to find a judgment against defendant Seiff,

for the act of his co-defendant Werremeyer, without requiring them to connect Seiff in any manner with the act of Werremeyer, or to find that Werremeyer's act was the natural result of any unlawful act on the part of Seiff.

By the third instruction the jury was told that if defendant Seiff, without a reasonable provocation, made an assault on plaintiff, etc., then the jury should find for plaintiff against *said defendant.* This instruction seems to ignore the joint liability of Werremeyer, and only authorizes a verdict against Seiff alone.

The fourth instruction properly declares an abstract principle of law, but it falls far short of the requirements of the law, if it was intended for an instruction as to the joint liability of defendants for the two assaults complained of. If plaintiff sought to hold both defendants for the injuries resulting from the two assaults alleged and proved, the court should have required the jury to find as a matter of fact, that the defendants in making the assaults, acted in concert and co-operated with each other in the wrongs and injuries inflicted upon the plaintiff. *Williams v. Sheldon,* 10 Wend. 654.

It is a correct principle of law and one that is well settled that when an unlawful act or acts are done by a co-operation, or joint efforts of several persons, they are all liable as principals and may be either sued jointly or severally, and any one of the number is liable for the acts done by all, and a joint judgment may be obtained against one or all for the injuries sustained, and it is immaterial which one of the joint trespassers actually committed the trespass. *Allred v. Bray,* 41 Mo. 484; 2 Hilliard, Torts (4 Ed.) 243; *Brooks v. Ashburn,* 9 Ga. 297.

The court was justified in refusing defendants' instruction because there was evidence to prove that

both Werremeyer and Seiff assaulted plaintiff, and there was some testimony tending to prove concert of action between the two defendants.

The instruction given by the court would be perfectly proper and right under a different answer. Defendants filed a general denial and under this the defendants were permitted, against plaintiff's objection, to introduce evidence tending to prove a justification of the assault by Werremeyer. This we don't think could be done under an answer simply denying the assault. *Dailey v. Houston*, 58 Mo. 369.

We don't think the joint judgment can be sustained under the instructions, and for this reason the judgment will have to be reversed. If plaintiff claimed that in making the assaults, the defendants acted in *concert*, or that plaintiff's injuries were the result of the joint work of both defendants, this issue should have been squarely presented to the jury by proper instructions.

The judgment is reversed and cause remanded. All concur.