Argued May 31, affirmed June 11, rehearing denied September 17, 1929.

W. M. DAVIS *v.* I. H. VAN WINKLE, ATTORNEY GENERAL, ET AL.

(278 Pac. 91; 280 Pac. 495.)

For the plaintiff and petitioner there was a brief over the names of *Mr. W. Lair Thompson, Mr. James B. Kerr* and *Mr. E. K. Oppenheimer,* with an oral argument by *Mr. Martin L. Pipes.*

For respondents there was a brief and oral arguments by *Mr. I. H. Van Winkle,* Attorney General, *in pro. per.,* and *Mr. Clarence E. Yeager.*

COSHOW, C. J.— This is an appeal from the Attorney General's rule on a ballot title for House Bill No. 330, enacted by the 1929 legislature, for the purpose of providing two additional circuit judges for the Fourth Judicial District of the State of Oregon, comprising Multnomah County. A petition to refer

said bill to the people has been duly filed. The Attorney General described the purpose of the bill as follows: "To provide for two additional judges of the Circuit Court of the State of Oregon for the Fourth Judicial District, comprising Multnomah County." No objection has been or could be taken to the statement of the purpose of the bill as prepared by the learned Attorney General. The objection is to the short ballot title which is as follows: "Two Additional Circuit Judges Bill." The intent of the law is to prepare a short ballot title sufficient to attract the attention of the voter, and to identify the bill on the ballot with the law enacted by the legislature. It would be difficult for any person to prepare a short ballot title free from criticism. Different people look at everything from slightly different angles. A short ballot title is not supposed to be a substitute for the title of the bill. It is a means for identifying the measure referred or initiated and is sufficient if it does that. The only bill passed by the last legislature providing for two additional judges is the one referred and described as House Bill No. 330. The short ballot title prepared by the Attorney General is not misleading. It is fair. It can refer to only one act of the legislature because there was no other act providing for two judges in any part of the state. The purpose of the bill as expressed in the petition fully informs those solicited to sign the petition.

■ It is urged that the titles are insufficient because they allude to the act of the legislature sought to be referred to the people as a bill. In this language the learned Attorney General has strictly followed the Constitution of the state: Art. IV, § 1. The model petition set out in the statute also designates the act of the legislature sought to be referred as a

bill: Or. L., § 4095. In fact the measure enacted by the legislature, which is referred to the people, is not a law. It will never become a law unless a majority of voters voting upon the referred bill vote in favor of the bill. The bill enacted by the legislature does not become operative until ninety days after the adjournment of the legislature. During that period if it is referred to the people, it is again reduced to a bill.

Other matters are discussed in the petition. The only thing properly here, however, is the sufficiency of the titles. We decline to review other matters ably argued by appellant. The titles as certified by the learned Attorney General are affirmed and will be certified to the Secretary of State as required by the 1927 General Laws, p. 323, Chapter 255.

AFFIRMED.

BROWN, J., absent.

---

Rehearing denied September 17, 1929.

ON PETITION FOR REHEARING.

(280 Pac. 495.)

For the petition, *Mr. Martin L. Pipes, Mr. James B. Kerr, Mr. W. Lair Thompson* and *Mr. Eugene K. Oppenheimer.*

*Contra, Mr. I. H. Van Winkle,* Attorney General, and *Mr. Clarence E. Yeager.*

■ Plaintiff has presented a petition for rehearing supported by very convincing and logical argument. Most of the contentions are repetitions of the argument in chief. If the matter of arranging petitions

and other procedure for referring acts of the legislature to the voters by petition were regulated by the courts, we could accept without hesitation the views so ably presented by plaintiff. No doubt the act referred to as a "Bill" in the title prepared by the learned Attorney General is a completed and finished act so far as the legislative assembly is concerned. The Bill as introduced in the House passed into an Act when signed by the proper presiding officers and the Governor. But the question now presented is the name of the measure from the angle of the voter. The petition for referring the act to the people being sufficient the act as passed by the legislature does not become effective as a law until it shall have been passed by the people also. The matter of terms is not important. There can be no confusion because the measure is called a "Bill" when a more accurate technical term would be an "Act."

■ ■ The matter is not open to doubt because the form prepared by the legislature refers to the measure as a Bill. It was the duty of the Attorney General to follow the language of the statute which he has done. According to the argument of the learned plaintiff and his attorney a large percentage of the voters would not know the difference between an "Act" and a "Bill." That being the case such cannot be misled by the term applied to the measure. Others will not be misled because the ballot will clearly state that the measure was referred to the people: Or. L., § 4103.

"Measures referred by any governmental body shall be designated by the heading 'Referred to the people by the (here name governmental body)'; measures referred by petition shall be designated

'Referendum ordered by petition of the people'; * * ''
Or. L., § 7199.

The court must take judicial notice of the required form of the ballot. Over the number submitting the Bill providing. for two additional judges will be the legend: ''Referendum ordered by petition of the people.'' There can be no confusion of the initiative with the referendum. In the light of these requirements any person desiring to be informed about how to cast his ballot cannot be misled by the short title.

Petition denied.

BROWN, J., absent.