Argued May 26; demurrer sustained May 27, 1931

McDONALD *v.* VAN WINKLE, Attorney General,
ET AL.
(299 P. 1015)

*Custer E. Ross,* of Salem, for appellant.

*I. H. Van Winkle,* Attorney General, for respondents.

PER CURIAM. This is an appeal from a ballot title prepared by the Attorney General for the purpose of referring to the voters of the state Senate Bill No.

170, commonly known as the State Police Bill, which was enacted by the last legislative assembly. The act is entitled:

"An Act

"Relating to the enforcement of the criminal laws of the state of Oregon, creating a department of state police and providing for its administration and organization; providing punishment for the removal, destruction or mutilation of any of the records of the state police; relating to the powers and duties now resting in the secretary of state and state highway commission with reference to the criminal laws relating to traffic, the motor vehicle and motor transportation acts; relating to the criminal laws with reference to the commercial fisheries code, the fish and game laws; the criminal laws relating to the office of state fire marshal and to the enforcement of prohibition and narcotic drug acts; abolishing the office of prohibition commissioner, and providing for the payment of the expenses of administration of this act and making appropriations therefor."

The ballot title filed by the Attorney General is as follows:

"Ballot Title

State Police Bill

"Purpose: To establish the Department of State Police and provide for its operation, under direction of a superintendent appointed by the governor, having the powers and performing the duties for enforcement of criminal laws heretofore had and performed by game wardens, fish wardens, prohibition commissioner, his agents, inspectors and assistants, fire marshal, deputy fire marshals, fire wardens, traffic officers, and highway enforcement officers, under direction of State Game Commission, State Fish Commission, State Fire Marshal, Prohibition Commissioner, which office is

hereby abolished, Secretary of State and State Highway Commission, and, when called upon with governor's approval, to enforce other criminal laws.

"VOTING MACHINE BALLOT TITLE

State Police Bill

"Purpose: Creating State Police Department with superintendent appointed by the governor, having all powers and duties of game, fish, fire, prohibition, traffic and highway police officers.

"Explanatory words to accompany such title on the ballot:

"Yes, I vote for the proposed law.

"No, I vote against the proposed law."

Appellant asserts that the above general title is unfair and misleading for the following reasons:

"(a) That said act provides, among other things, in sections 7 and 8 thereof, for the creation of a State Detective Bureau, which bureau is authorized to take the fingerprints of, keep photographs of and take the personal history and description of persons accused of crime, whether such persons shall have been convicted of such crime or not.

"That no mention of said provision of said act is made in the ballot title therefor as prepared by the Attorney General; that the powers so given would authorize the violation of the rights of privacy of the citizens of this state, and such power should be made known to the electors before voting on said measure.

"(b) That by the terms of section 9 of said act the State Police and each of the members thereof are charged with the enforcement of all criminal laws; that the general context of ballot titles as prepared by the Attorney General purports to limit the duties and activities of the State Police in general to those duties heretofore had and performed by traffic officers, fire marshals, fire wardens, fish wardens, game wardens, prohibition agents and officers, and highway enforcement officers.

"(c) That under section 26 of said act the State Fire Marshal is authorized, in certain instances, to appoint deputy fire marshals who shall have the power and authority heretofore provided by law; that under the ballot title as prepared by the Attorney General it would appear that such officers have been abolished and that their duties in the future would be performed by the State Police.

"(d) That under the provisions of section 24 of said act, deputy fish wardens may be appointed with the power and authority heretofore provided by law; that it would appear from the ballot title as prepared by the Attorney General that fish wardens were abolished by said act.

"(e) That under the provisions of Section 23 of said act it is provided that deputy game wardens may be appointed, with the powers and duties heretofore had by law; that under the ballot title as prepared by the Attorney General it is specified that the duties theretofore had by game wardens shall be performed by the State Police."

■■■ We see no merit in any of these contentions. It is not contemplated that the general ballot title should be a summary of the context of the act. Neither is the Attorney General required to be wiser than the law. There are 31 sections in the "State Police Bill." The statute, section 36-2006, Oregon Code 1930, provides that the ballot title shall express the *purpose* of the measure in not more than 100 words. We also note this statutory admonition (§ 36-2006, Oregon Code 1930) :

"In making such ballot title the attorney general shall to the best of his ability give a true and impartial statement of the purpose of the measure and in such language that the ballot title shall not be intentionally an argument or likely to create prejudice either for or against the measure."

In our opinion, the ballot title prepared and submitted by the Attorney General is a fair and impartial statement of the purpose of the act and will enable the voters, if called upon to do so, to express intelligently their approval or disapproval of the same. Time will not permit a discussion of the various objections.

The demurrer to the petition of appellant is sustained and the ballot titles as prepared by the Attorney General are hereby certified to the secretary of state.