Argued June 14; modified June 15, 1932

KEENE *v.* VAN WINKLE, ATTORNEY GENERAL, ET. AL.

(12 P. (2d) 318)

*Custer E. Ross,* of Salem, for appellant.

*I. H. Van Winkle,* Attorney General, and *Albert B. Ridgway,* of Portland (Ridgway, Johnson & Kendall, of Portland, on the brief), for respondents.

*James Burdett,* of McMinnville, amicus curiae.

PER CURIAM. The legislative title of the proposed measure is as follows:

"A Bill

"For an Act to provide for the unified and more economical conduct, management, maintenance, operation and control of all institutions of higher education and learning, publicly supported and conducted by the state of Oregon, and for the merging and consolidation thereof, and for the utilization and disposition of the properties and property rights thereof by the merging of the five such institutions conducted by the state at Eugene, Corvallis, Monmouth, La Grande and Ashland into one major institution, to be effected by the consolidation of the State University of Oregon and the Oregon State Agricultural College under the name of Oregon State University, to be located at Corvallis, Oregon, and by the consolidation of the Southern Oregon Normal School, the Eastern Oregon Normal School and the Oregon Normal School under the name of Oregon State Teachers' College, to be located at Eugene, Oregon, and there conducted as a unit of the Oregon State University, and by providing for junior college units of the University at said cities of Ashland and La Grande, providing for the disposition of the Oregon Normal School property at Monmouth, Oregon and repealing section 35-4512, Oregon Code, 1930, and any other Acts in conflict herewith."

The short ballot title provided therefor by the Attorney General is: "Bill Moving Consolidating and Changing State Institutions of Higher Education."

The general ballot title provided for said measure by the Attorney General is:

"Purpose: To move the University of Oregon from Eugene to Corvallis and consolidate it with the Oregon State Agricultural College under the name of Oregon State University; move the normal schools from Ashland; La Grande and Monmouth to Eugene and consolidate them under the name of Oregon State Teachers' College; establish junior colleges at Ashland and La-Grande; dispose of Oregon Normal School property at Monmouth; move the University Law School to Salem; all said institutions and the medical school at Portland to be conducted as units of said Oregon State University; abolish office of executive secretary of Board of Higher Education."

The voting machine ballot title together with the short ballot title provided by the Attorney General is as follows:

"Bill Moving Consolidating and Changing State Institutions of Higher Education.

"Purpose: Consolidating State University with State College at Corvallis; all normal schools at Eugene; moving Law School to Salem; creating junior colleges at Ashland and La Grande."

The explanatory words to accompany said ballot title on said ballot, as prepared by the Attorney General, are as follows:

"Yes. I vote for the proposed law.
"No. I vote against the proposed law."

■■ A consideration of the proposed measure impels us to hold that in the short ballot title thus prepared, the word, "consolidating," may be argumentative and the phrase, "Changing State Institutions of Higher Education," insufficient. We also hold that the final phrase in the general ballot title, which is, "abol-

ish office of executive secretary of board of higher education," is inaccurate. Except as thus indicated, we approve the ballot titles provided by the Attorney General as above set out.

■ We further hold that instead of the short ballot title provided by the Attorney General, the short ballot title of the measure under consideration should be: Bill Moving University, Normal and Law Schools. Establishing Junior Colleges.

■ We also hold that instead of the final phrase in the general ballot title, as above quoted, the final phrase to be employed in the general ballot title of said measure shall be: Make University President Ex-officio Secretary Board of Higher Education.

The short ballot title as hereinabove set forth in place of the one provided by the Attorney General and the general ballot title provided by the Attorney General, as amended by substituting for its final phrase the final phrase hereinabove provided by this court, and the general ballot title for use with voting machines, as prepared by the Attorney General, are hereby certified to the secretary of state in accord with the intent of section 36-2006, Oregon Code 1930.

The following is a copy of the short ballot title and of the general ballot title together with the explanatory words to accompany such title on the ballot hereby so certified, to wit:

"Bill Moving University, Normal and Law Schools. Establishing Junior Colleges.

"Purpose: To move the University of Oregon from Eugene to Corvallis and consolidate it with the Oregon State Agricultural College under the name of Oregon State University; move the normal schools from Ashland, La Grande and Monmouth to Eugene and consolidate them under the name of Oregon State Teach-

ers' College; establish junior colleges at Ashland and La Grande, dispose of Oregon Normal School property at Monmouth; move the University Law School to Salem; all said institutions and the medical school at Portland to be conducted as units of said Oregon State University; make university president ex-officio secretary of board of higher education."

"Yes. I vote for the proposed law.
"No. I vote against the proposed law."

And the following is a copy of said short ballot title and of the said ballot title for use with voting machines together with the explanatory words to accompany such title on the ballot hereby so certified:

"Bill Moving University, Normal and Law Schools. Establishing Junior Colleges.

"Purpose: Consolidating State University with State College at Corvallis; all normal schools at Eugene; moving Law School to Salem; creating junior colleges at Ashland and La Grande.

"Yes. I vote for the proposed law.
"No. I vote against the proposed law."

For the reasons above set forth, the demurrer of defendants and respondents to the petition on appeal herein of the petitioner and appellant is hereby overruled.

BROWN and ROSSMAN, JJ., not sitting.