Argued May 22; ballot title certified May 23, 1946

## YOUNG *v.* NEUNER et al.
### (169 P. (2d) 124)

*Frank S. Sever,* of Portland, for appellant.

*George Neuner,* Attorney General, of Salem, in propria persona.

*Robert L. Sabin,* of Portland (Sabin & Malarkey, and Howard H. Campbell, of Portland, on brief), for respondents Oregon Congress of Parents and Teachers, et al.

BAILEY, J. The respondents, other than the Attorney General, on April 15, 1946, filed with the Secretary of State of the state of Oregon a copy of a proposed initiative measure reading as follows:

### "A BILL

"For an act to provide a basic school support fund, to be used exclusively for the support and im-

provement of the public elementary and secondary schools, by the levying of an annual state tax which shall not be subject to the limitation of Section 11, Article XI, Oregon Constitution and to provide that said tax shall be in lieu of the state two-mill elementary school fund tax and, also, in lieu of any transfer to or apportionment of the state school support fund.

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"Section 1. There shall be included in the state levy of taxes for each fiscal year, beginning with the year next following the effective date of this act, such total amount as shall produce fifty dollars ($50.00) per capita for each and all of the children within the state between the ages of four and twenty years, according to the latest determination of the school census, as compiled annually by the superintendent of public instruction. Such total amount hereby is levied as an annual state tax, in addition to all other state taxes; provided, however, that the two-mill tax for the state elementary school fund as provided by law, shall not be levied for any year for which this tax is levied; and provided, further, that no transfer to the state school support fund or apportionment thereof shall be made for any year for which this tax is levied. Revenues derived from taxes on or measured by net incomes shall be applied to offset this tax in the manner provided by law in respect to state property taxes generally. The amount of the tax for each year shall be levied, apportioned, collected, and paid in the same manner as other state taxes and shall be placed by the state treasurer in a fund to be known as the basic school support fund to be used exclusively for the improvement and support of the public elementary and secondary schools of the state.

"Section 2. The basic school support fund created by this act shall be apportioned and distributed annually, in the manner to be provided by law, to

equalize educational opportunities and conserve and improve the standards of public elementary and secondary education throughout the state.

"Section 3. The amount to be received from the basic school support fund shall be included as revenue in the budget of each local school district, but no part of said fund shall be apportioned and distributed to apply as an offset to a school district tax levy or to a county school fund.

"Section 4. The limitation imposed by Section 11, Article XI, Oregon Constitution, shall not apply to the tax hereby authorized to be levied each year for the basic school support fund, and the enactment of this measure by vote of the people of the State of Oregon shall constitute specific authorization of such tax to be levied annually by the state in excess of such limitation."

Thereafter, and in accordance with the provisions of § 81-2106, O. C. L. A., the Secretary of State transmitted such proposed measure to the Attorney General for the preparation of a ballot title therefor, and, on the 19th day of April, 1946, the Attorney General certified to the Secretary of State the following ballot title:

"TO CREATE BASIC SCHOOL SUPPORT FUND BY ANNUAL TAX LEVY.

"Purpose: Authorizing the levy of an annual state school tax outside the 6% limitation, sufficient to produce $50 per capita for each child within the state between ages of four and twenty years, according to latest school census.

"Such levy shall be in addition to all other state taxes but in lieu of the 2-mill tax now levied for state elementary school fund; and the state school support fund.

"Revenues derived from taxes on or measured by net incomes to offset levy. To be budgeted by school

districts not as offset to any school district levy or county school fund.''

The appellant, F. H. Young, being dissatisfied with the short title reading as follows: ''To Create Basic School Support Fund by Annual Tax Levy'', has appealed to this court from the decision of the Attorney General and in his petition alleges that such short title ''does not give a true and impartial statement of the purposes of said measure in such language that such ballot title is not an argument for or against or likely to create prejudice for or against such measure, but that said ballot title is argumentative and fails to indicate to the voters of this state the true purport, purpose and extent of such measure, in the following particulars:

''(1) That it fails to indicate in such short title that the tax proposed to be levied by such measure is outside of the limitations imposed by section 11 of Article XI of the Constitution of Oregon;

''(2) That the words 'basic school support fund' are misleading and apt to cause confusion in the minds of the voters by reason of the existence of the school support fund created by Chapter 438, Oregon Laws, 1943, as amended by Chapter 461, Oregon Laws, 1945, which school support fund is composed of revenues derived from taxes on or measured by net incomes and is an offset against property taxes levied by school districts;

''(3) That the word 'basic' as used in such short title is argumentative and as used in such short title has no descriptive value.''

The appellant suggests, as a more suitable short title for such measure, the following: ''Annual Tax Levy for School Support Outside the Constitutional Limitation.''

The Attorney General has demurred to the petition filed herein by the appellant on the ground that it "fails to state facts sufficient to entitle the appellant to a reformation of the ballot title as prayed for, or otherwise." The other respondents have filed an answer in which they deny that the short title prepared by the Attorney General does not give a true and impartial statement of the purposes of the measure and that such title is argumentative and misleading. They further deny that the short title proposed by the appellant is a suitable title, and, for an affirmative answer, they allege that the short title prepared by the Attorney General "is a suitable short title and is in accord with the intent of Section 81-2106, O. C. L. A., and is neither insufficient, unfair, misleading, confusing, argumentative or of a nature warranting or requiring its amendment or change by the Court."

Section 81-2106, *supra,* insofar as material here, provides as follows:

"* * * The ballot title shall contain: (1) A distinctive short title in not exceeding ten words by which the measure is commonly referred to or spoken of and which shall be printed in the foot margin of each signature sheet of the petition. (2) A general title which may be distinct from the legislative title of the measure expressing in not more than 100 words the purpose of the measure. * * * In making such ballot title the attorney general shall to the best of his ability give a true and impartial statement of the purpose of the measure and in such language that the ballot title shall not be intentionally an argument or likely to create prejudice either for or against the measure. Any person who is dissatisfied with the ballot title or the short title provided by the attorney general for any measure, may appeal from his decision to the supreme court by petition, praying for a different

title and setting forth the reason why the title prepared by the attorney general is insufficient or unfair. * * * Said supreme court shall thereupon examine said measure, hear arguments, and in its decision thereon certify to the secretary of state a ballot title and a short title for the measure in accord with the intent of this section * * *"

The appellant is dissatisfied only with the short title. We therefore assume that the general title contains a fair and impartial statement of the purpose of the measure. The short title prepared by the Attorney General is distinctive; it is descriptive of the measure. It distinguishes this particular measure from any other proposed measure which, so far as known, may be submitted to the voters for their approval or rejection at the general biennial election in November of this year.

It is apparent from reading the entire measure that it is or will be "commonly referred to or spoken of" as the "basic school support fund" act. That expression is found in the title of the measure as submitted by its sponsors and in each section thereof. In section one it is provided that the taxes collected under the provisions of the measure shall be placed by the State Treasurer in a fund "to be known as the basic school support fund". We seriously doubt that the measure will be "commonly referred to or spoken of" by the title suggested by the appellant.

■ In *Davis v. Van Winkle,* 130 Or. 304, 278 P. 91, 280 P. 495, the court said:

"* * * The intent of the law is to prepare a short ballot title sufficient to attract the attention of the voter, and to identify the bill on the ballot with the law enacted by the legislature. It would be difficult for any person to prepare a short ballot title free from criticism. Different people look at

everything from slightly different angles. A short ballot title is not supposed to be a substitute for the title of the bill. It is a means for identifying the measure referred or initiated and is sufficient if it does that."

See also in this connection, *Wieder v. Hoss,* 143 Or. 122, 21 P. (2d) 780; *McDonald v. Van Winkle,* 136 Or. 706, 299 P. 1015; *State ex rel. v. Hoss,* 133 Or. 91, 288 P. 505.

■ We are of the opinion that the short title prepared by the Attorney General "is in accord with the intent of" § 81-2106, *supra;* that it is sufficient, fair and not misleading, nor is it argumentative. This conclusion is not inconsistent with *Allied Truck Owners v. Hoss,* 139 Or. 686, 11 P. (2d) 960, and *Keene v. Van Winkle,* 139 Or. 689, 12 P. (2d) 318, on which appellant relies.

The ballot title, including both the short title and the general title, prepared by the Attorney General is approved and will be certified to the Secretary of State as required by § 81-2106, *supra.*