Argued and submitted April 24, ballot title certified May 4, 1984

# FERRY,
*Petitioner,*

*v.*

# PAULUS,
*Respondent.*

(SC S30557)

682 P2d 262

William G. Nokes, Corvallis, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause for respondent. With him on the Memorandum in Response to Petition to Review Ballot Title was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Roberts and Carson, Justices.

LENT, J.

## LENT, J.

One of the chief petitioners for an initiative measure challenges the ballot title provided by the Attorney General, charging that the provided title "conceals" the purposes of the petitioners' measure "and thereby misleads the public as to the effect of the proposed initiative." The petitioner alleges that the provided title is therefore inaccurate and unfair. ORS 250.085 provides for a challenge in this court to a provided title on an assertion that it is "insufficient, not concise or unfair." We perceive this particular challenge to be only to sufficiency and fairness, not to want of conciseness.

The provided title is as follows:

"REPEALS LAWS CREATING AND ENFORCING STANDARDS FOR LAND USE PLANNING

"QUESTION: Shall laws creating, providing for enforcement of standards for land use planning be repealed; local comprehensive plans and zoning remain?

"EXPLANATION: Repeals laws creating and providing for enforcement of standards for land use planning, including comprehensive plans, zoning and other state and local land use decisions. Abolishes Land Conservation and Development Commission and Department, Land Use Board of Appeals and statewide planning goals. Cities and counties would continue to be required to adopt comprehensive plans and zoning. Appeals from local land use decisions would be to circuit court; current cases transferred to circuit court."

## CAPTIONS

The Attorney General is required to provide, and this court to certify, a caption of not more than 10 words "by which the measure is commonly referred to." ORS 250.035(1)(a). The quoted part of the statute is simply out of touch with the times. The genesis of that language is Oregon Laws 1913, chapter 36, section 1, which provided:

"* * * The ballot title shall contain: * * * (2) A distinctive short title in not exceeding 10 words by which the measure is commonly referred to or spoken of by the public or press. * * *"

Seventy years ago it may well be that measures sought to be enacted through the initiative process were made well known to the press and public before being filed with the Secretary of State and being transmitted to the Attorney General for

preparation of a ballot title. With rare exceptions, that is no longer the case. Neither the proponents of the measure at hand nor the Attorney General have argued to us that there are any words by which this measure "is commonly referred to." We certainly have no independent information to permit us to discharge our statutory duty to certify a title containing a caption meeting that statutory language.

In an effort to perform a duty which ordinarily cannot be performed, about 40 years ago this court decided to test the caption for sufficiency by attempting to predict how the measure "will be" commonly referred to rather than complying with the text of the statute. *See Young v. Neuner et al,* 178 Or 625, 630, 169 P2d 124 (1946). In that decision this court approved a 10 word "short title" (as the caption was then called), finding that it was descriptive of the measure, distinguished the measure from any other measure, so far as known, that might appear on the same ballot and was not argumentative. The court quoted from *Davis v. Van Winkle,* 130 Or 304, 306, 278 P 91, 280 P 495 (1929):[1]

> "The intent of the law is to prepare a short ballot title sufficient to attract the attention of the voter, and to identify the bill on the ballot with the law enacted by the legislature. It would be difficult for any person to prepare a short ballot title free from criticism. Different people look at everything from slightly different angles. A short ballot title is not supposed to be a substitute for the title of the bill. It is a means of identifying the measure referred or initiated and is sufficient if it does that."

Neither of those decisions of this court has been expressly distinguished or overruled; nevertheless, the Attorney General, litigants in ballot title challenges and this court have largely abandoned any attempt to determine what a given measure either is or will be "commonly referred to" and have drifted away from the precept that the caption is primarily for the purpose of identification of the measure. More recent efforts on the part of the Attorney General, litigants and this court have been to summarize the measure in the caption. For example, *see Oregon Taxpayers Union v.*

---

[1] *Davis v. Van Winkle,* 130 Or 304, 278 P 91, 280 P 495 (1929), was concerned with referendum rather than initiative, but the duty to provide a short title was the same with respect to either.

*Paulus,* 296 Or 476, 480-81, 676 P2d 305 (1984), resolving the litigants' disagreement as to what parts of the measure must, or should, be reflected in the caption.[2]

Although the practice of attempting some degree of summarization of the purpose of the measure probably did not start with our decision in *ACLU v. Paulus,* 282 Or 539, 580 P2d 168 (1978), we did thereby unnecessarily encourage litigation over the content of the 10 word caption. We stated:

> "The statute they [petitioners in this court] rely on, ORS 254.070(2) [in pertinent part, now ORS 250.035(1)(a)], does not require the caption to state the purpose of the measure, but only to give the name 'by which the measure is commonly referred to or spoken of * * *.' The statute is silent on how to caption a measure, such as the present one, that is not commonly referred to. However, the word 'caption' itself means that heading shall not only identify the measure but also should serve as an appropriate heading for the abbreviated statement that follows it."

282 Or at 542. This was a well intentioned but, nevertheless, patent departure from what the statute specifies. It was occasioned by the fact that the statute is out of touch with the times. By passage of time and the changing utilization of the laws permitting exercise of the initiative, the statute is no longer relative to what is actually taking place in the political arena. By decisions such as that in *ACLU v. Paulus, supra,* this court attempts to do what should be done by the legislature. If the legislature wants a 10 word caption to summarize the measure, that constitutional department should so state. This constitutional department has no business doing so. The best way to bring attention to a bad law is to enforce or apply it.

Quite understandably, the parties to this case have not briefed the propriety or legality of this court's attempts to make the statute workable or whether we have erred in striking out to rewrite the statute so as to require a sufficient, fair and concise caption that summarizes the purpose of the measure. We have entered upon this discussion, hoping that the legislature will address the issue.

---

[2] See also our recent decision in *Fithian-Barrett v. Paulus,* 296 Or 819, 680 P2d 381 (1984), in which we discussed what "information" about the measure could be conveyed in the caption.

## THIS CAPTION

■ In the case at bar the petitioner challenges the provided caption in the manner we have invited. Petitioner does not allege that the provided caption fails to state "how the measure is commonly referred to"; he challenges the content of the provided caption as not being fair or accurate in stating the main effect of the measure. He asserts that the thrust of the measure is to "move planning authority and responsibility from State law and State agencies such as the Land Conservation and Development Commission and return it to the respective local jurisdictions." He contends that the provided caption inaccurately implies that "all laws" creating or providing for enforcement of land use standards would be repealed by the measure. He proposes the following caption:

## "CHANGES LAND USE PLANNING RESPONSIBILITY TO LOCAL JURISDICTIONS FROM STATE"

The respondent counters, not by pointing out how the Attorney General's provided caption meets the requirement of *identifying* the measure by its common appellation, but by arguing its accuracy and fairness in summarizing the purposes of the measure.

Because both parties have joined issue on the accuracy and fairness of the caption as a summary of the measure, we resolve the issue on that basis. The caption is not misleading. The measure would repeal laws creating and enforcing standards for land use planning. We do not seek to write a better caption; we do no more than to decide that the provided caption is sufficient, concise and fair.

## THE QUESTION

ORS 250.035(1)(b) commands that the title shall contain a question of not more than 20 words "which plainly states the purpose of the measure" and is so worded that an affirmative answer to the question corresponds to voting for the measure.[3]

The petitioner's argument concerning the sufficiency and fairness of the provided question may be summarized in

---

[3] By the text of the statute, it is in the question, not the caption, that the measure should be summarized as to what it would accomplish.

the contention that the provided question "focuses attention on the incorrect assumption that the standards are being repealed." Petitioner suggests a different question as plainly stating the purpose of the measure:

> "QUESTION: Shall land use planning responsibility be placed with Cities and Counties and State review of local land use planning end?"

The respondent answers that the petitioner's proposed question is inaccurate because it assumes and implies that planning responsibility is now with the state, when the actual fact is that planning is a local function, subject to meeting state law applicable to all land use planning. We agree with the respondent in this respect, but that does not entirely dispose of this issue.

Another challenge to this provided title is before us in *Christenson v. Paulus,* 297 Or 78, 682 P2d 266 (1984), also decided today. We consolidated the two cases for oral argument, and we shall explain a modification of the provided question in our opinion in that case.

## THE EXPLANATION

ORS 250.035(1)(c) requires a "concise and impartial statement of not more than 75 words of the chief purpose of the measure."[4] The petitioner argues that the "main thrust" of the measure is not to eliminate or abolish planning but to *return* planning authority and responsibility to local governments. Petitioner suggests the following explanation:

> "EXPLANATION: Cities and Counties are required to adopt and maintain comprehensive plans and zoning. Repeals certain state laws regulating land use planning and requiring state approval of local plans; abolishes Land Conservation and Development Commission and Department, and Land Use Board of Appeals. Appeals from local land use decisions would be to Circuit Court; matters now pending to be transferred to the Circuit Court."

---

[4] The statement required by ORS 250.035(1)(c) is for whatever reason customarily denominated "EXPLANATION." It strikes us as being odd that the legislature should command in ORS 250.035(1)(b) that in not more than 25 words the "purpose of the measure" is to be stated but that up to 75 words may be used to state the "chief" purpose of the measure.

It is true that the measure provides that the governing body of each county and city "shall be required to adopt and maintain a comprehensive plan and zoning." We find the petitioner's suggested explanation misleading, however, because it implies that cities and counties are not, under present law, required to adopt and maintain comprehensive plans and zoning.

Although it is arguable that one might write a better explanation than has the Attorney General, that is not our function. We certainly cannot say that the provided explanation is insufficient or unfair.

We therefore certify to the Secretary of State the following ballot title:[5]

"REPEALS LAWS CREATING AND ENFORCING STANDARDS FOR LAND USE PLANNING

"QUESTION: Shall laws creating, providing for enforcement of land use planning standards be repealed; requirement for local comprehensive plans, zoning remain?

"EXPLANATION: Repeals laws creating and providing for enforcement of standards for land use planning, including comprehensive plans, zoning and other state and local land use decisions. Abolishes Land Conservation and Development Commission and Department, Land Use Board of Appeals and statewide planning goals. Cities and counties would continue to be required to adopt comprehensive plans and zoning. Appeals from local land use decisions would be to circuit court; current cases transferred to circuit court."

---

[5] We have explained our modification of the provided question in *Christenson v. Paulus*, 297 Or 78, 682 P2d 266 (1984).