Argued and submitted April 24, ballot title certified May 4, 1984

# CHRISTENSON,
*Petitioner,*

*v.*

# PAULUS,
*Respondent.*

(SC S30569)

682 P2d 266

Richard P. Benner, Portland, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause for respondent. With him on the Answering Memorandum to Review Ballot Title was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Roberts and Carson, Justices.

LENT, J.

**LENT, J.**

This is a challenge by one who does not favor passage of the measure which was the subject of our decision today in *Ferry v. Paulus,* 297 Or 70, 682 P2d 262 (1984). This petitioner urges that the Attorney General's provided title, which we have set forth verbatim in *Ferry v. Paulus, supra,* is insufficient because it fails to convey certain effects of passage of the measure and is unfair because the title

> "misleads voters about the effect of the measure on existing comprehensive plans and zoning. It states local plans and zoning 'remain.' It is the requirement to plan and zone, not the plans and zones that remain."

We do not choose to discuss the challenge in detail. The petitioner alleges that certain "effects" will flow from passage of the measure. Petitioner may well be correct in some of those respects; in others we have doubts as to the validity of the petitioner's position. The short answer to the petition in this respect is that the Attorney General is not required to speculate as to consequences. *See Bartels v. Paulus,* 293 Or 47, 645 P2d 1059 (1982), and *Kegg v. Paulus,* 282 Or 47, 576 P2d 1255 (1978).

We do find that in a technical sense the question provided by the Attorney General is insufficient and inaccurate in the sense which we have quoted above from the petition. During oral argument it was suggested that that insufficiency and inaccuracy could easily be rectified by minor rewording. We agree, and the modified question is set forth in the title which we have certified to the Secretary of State in *Ferry v. Paulus, supra.* By this decision we certify the same title.