BINNINGER,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC S30682)

681 P2d 129

Stephen S. Walters, Portland, argued the cause for petitioner. With him on the petition was Ruth M. Gundle, Portland.

John A. Reuling, Jr., Special Counsel to the Attorney General, Salem, argued the cause for respondent. With him on the Memorandum in Response to the Petition were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Campbell, Roberts, Carson and Jones, Justices.

LENT, J.

**LENT, J.**

Petitioner challenges the ballot title provided by the Attorney General for a proposed initiative measure as being insufficient or unfair. ORS 250.085.

The full text of the proposed measure is:

"Be it enacted by the people of the State of Oregon:

"The Constitution of the State of Oregon is amended by creating a new section to be known as Section 9, Article IX, and to read:

" 'Section 9. State monies must not be used to fund abortions, except to prevent the death of the mother.' "

The Attorney General's provided title is:

"CONSTITUTIONAL AMENDMENT PROHIBITS
STATE FUNDED ABORTIONS EXCEPT
TO SAVE MOTHER

"QUESTION: Shall the Oregon Constitution be amended to prohibit the state from funding any abortions except to save the mother's life?

"EXPLANATION: Proposed measure amends the Oregon Constitution to prohibit the state from paying for any abortions except where the abortion is necessary to prevent the death of the mother."

ORS 250.035 dictates that there shall be a caption of not more than 10 words "by which the measure is commonly referred to." On oral argument both the petitioner and the respondent acknowledged that there probably is no such appellation. We do not judicially know one. Strictly speaking, there is no way to follow the statutory mandate. *See Ferry v. Paulus,* 297 Or 70, 682 P2d 262 (1984).

Petitioner contends that the provided title, including the caption, is insufficient because it obscures the narrowness of the exception. Put another way, she asserts that one might read the caption to imply that state monetary resources would be available to "save" a woman from some lesser degree of injury than death. The respondent argues, in substance, that "SAVE MOTHER" is synonymous with "PREVENT MOTHER'S DEATH." At least, the respondent argues, no difference in meaning was intended to be implied by the choice of words in the provided caption.

We conclude that the caption is insufficient because the terms are not necessarily synonymous and, in the circumstances, we believe it is the better course to track the words of the proposed measure. This holding requires us to amend the provided caption, ORS 250.085(3), and because we are doing so, we believe it wiser, also, to make a further change to clear up an ambiguity. The provided caption could be read to mean that the constitutional amendment "PROHIBITS" certain abortions. It does not. It prohibits use of state money for funding abortions. Accordingly, we choose the following caption:

"CONSTITUTIONAL AMENDMENT PROHIBITS
STATE FUNDING ABORTIONS.
EXCEPTION: PREVENT MOTHER'S DEATH"

Petitioner asserts that the provided question is insufficient for the same reasons that petitioner contended the caption was insufficient, i.e., that it speaks to saving the mother rather than preventing her death. The respondent argues that the provided question makes it clear that the exception to the use of state funds is for cases in which the mother's life rather than the "mother" is to be saved. Respondent's argument in this context that the term to "save the mother's life" is exactly the same as "prevent the death of the mother" is more persuasive than that made with respect to the caption, but we conclude that there is some risk that the two terms are susceptible to differing meanings. There seems to be no reason to depart from the words of the proposed measure, and use of the words chosen by the sponsors of the measure will ensure that neither the respondent, the Attorney General nor this court will be held by the sponsors to have twisted their intent.

We hold that the question should be:

"Shall Oregon Constitution be amended to prohibit using state monies to fund abortions except to prevent death of the mother?"

Petitioner argues that the provided explanation is insufficient because it implies that only direct payment by the state of its funds would be prohibited. The respondent argues there is no such implication. Whether or not the provided explanation so implies, we agree that it is permissible to infer

from the explanation that only direct payment is prohibited. Petitioner suggests a substantially different text for the explanation.

We conclude that both the text proposed by the Attorney General and that proposed by the petitioner are interpretations of the effect of the measure. In light of the shortness of the text of the measure itself, there is no need to explain the chief purpose of the measure, ORS 250.035(1)(c), in any terms other than those chosen by the sponsors.

Pursuant to ORS 250.085(3), we certify the following title to the Secretary of State:

"CONSTITUTIONAL AMENDMENT PROHIBITS
STATE FUNDING
ABORTIONS.
EXCEPTION: PREVENT MOTHER'S DEATH"

"QUESTION: Shall Oregon Constitution be amended to prohibit using state monies to fund abortions except to prevent death of the mother?

"EXPLANATION: The measure would amend the Oregon Constitution by adding to Article IX the following new section:

" 'Section 9. State monies must not be used to fund abortions, except to prevent the death of the mother.' "