T. C. HARRISON, Plaintiff in Error, *v.* CROW HANCE, Defendant in· Error.

1. *Practice—Instructions—Jury.*—It is the duty of the judge to give the jury proper instructions as to the law applicable to the facts of the case ; and it is not proper to allow the jury to take with them law books from which they may determine the law for themselves.

### *Error to Phelps Circuit Court.*

Plaintiff asked the following instructions, to-wit: 1. The court instructs the jury, that a constable is liable on his bond if he fail to make return of execution according to the command thereof, and is also liable if he makes a false return. 2. The court further instructs the jury that if they believe from the evidence that at any time while defendant had the execution in controversy, Thomas Ray had property amounting to $150.00 in value, or upwards, they will find for the plaintiff the amount of his demand, with interest. 3. That any material allegation in the petition not specifically controverted by defendant's answer is taken in law as confessed, and evidence to disprove an allegation is irrelevant, incompetent, and should be disregarded by the jury. Which said instructions were by the court refused, to which ruling plaintiff excepted.

The court on its motion gave the following instructions, to-wit: 1. The court instructs the jury that if they believe from the evidence that Thomas Ray was the owner of property to an amount exceeding one hundred and fifty dollars, at the time Crow Hance, as constable, received the execution against him, they will find for the plaintiff to the amount of such excess. 2. Unless the jury believe from the evidence that said Thomas Ray owned property to the value, of one hundred and fifty dollars, they should find the issues for the defendant. To the giving of which plaintiff objected and excepted.

Defendant's attorney, by permission of the court, read as instructions the twelfth section to the end of the second sub-

division thereof, and the whole of the thirteenth section under the head of General Executions, (R. C. 1855,) and permitted the jury to carry out with them the said law book when the jury retired to consider of their verdict; to which the plaintiff objected.

*Ewing & Smith*, for plaintiff in error.

*E. B. Ewing*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was a suit on a constable's bond. The petition, among other things, averred that Harrison obtained a judgment before a justice of the peace against one Ray, and that execution issued thereon, which was placed in the hands of Hance, as constable, and that he refused and neglected to levy the same upon the property of Ray, and that Ray had sufficient personal property out of which to satisfy the said execution.

The answer denied that Ray had sufficient property whereon to levy the execution and make the money to satisfy the same. Evidence was introduced by the plaintiff tending to show that, at the time the execution was delivered to Hance, Ray was possessor of personal property of the value of more than one hundred and fifty dollars. At the conclusion of the testimony, plaintiff asked three several instructions, which the court refused to give. In our opinion, the court committed no error in its refusal to give the instructions prayed for. The first asserts a mere abstract proposition of law, and refers it to the jury; the second instruction is in direct conflict with the law regulating executions, and which exempts from levy and sale property to the amount of one hundred and fifty dollars, when owned by the head of a family, and only makes the excess over that value a leviable interest; the third is liable to the same objection as the first, and is entirely meaningless as applied to the pleadings and issues in the case. The court, of its own motion, instructed the jury in substance, that if they believed from the evidence that at the time Hance had the execution Ray was the owner of property to an

amount exceeding one hundred and fifty dollars, then they should find for the plaintiff the amount of such excess; and that if they believed from the evidence said Ray did not own property of that value, then they should find for the defendants.

The act regulating executions, (R. C. 1855, p. 738,) declares that certain personal property therein enumerated shall be exempt from execution, or, in lieu thereof, other property to the amount of one hundred and fifty dollars may be selected. And it has been held in this court, if the debtor has not all the exempted articles enumerated he may retain such as he has, and select other property in addition which will make the whole aggregate the value of one hundred and fifty dollars. (Mahan v. Scruggs, 29 Mo. 282.) Undoubtedly it is the duty of the constable to apprise the defendant in the execution of his right of exemption, and to make the selection, and to have the articles appraised under oath by three disinterested householders, as provided by law; but if it clearly appears that the debtor owns no property subject to levy and sale on execution, he cannot be held liable. The instructions given by the court of its motions, therefore, declares the law sufficiently favorable for the plaintiff. But the court, after the instructions had been submitted, allowed the defendant to read two sections of the statute to the jury as instructions for the defendant, and then permitted them to take the book with them to examine when they retired to consider of their verdict. This practice cannot be sanctioned or allowed. It is the duty of the court to instruct the jury as to the law, and it is the duty of the jury to receive and obey the law as declared to them by the court. They have separate functions to perform, and neither can intrude or intermeddle with the peculiar province of the other. Whilst the jury are invaluable within their sphere as the appropriate triers of facts, it is not presumed that their education and habits have been such as to fit them for practically construing and determining questions of law. Hence another tribunal has been selected for that purpose. It is true Judge

Tompkins, in Hardy v. The State, (7 Mo. 609,) said, " A court ought not, therefore, to allow juries to take books to find law to suit the case. But I see no impropriety in the court permitting a jury to take a law book in their retirement when the paragraph applying to the case may be separately marked out in the case of a statutory provision." But this does not meet the objection. What assurance is there that they will confine themselves to the particular paragraph or section? Is it not natural, when the book is once in their possession, that they should search for whatever light they can obtain in other places, which they may suppose has some application to the same subject? Then, again, are they sufficiently advised to apply the proper legal construction? The declaring and applying the law has been entrusted to the courts on account of the learning and qualifications of the judges, and they must not be permitted to surrender or renounce this branch of their powers to another body.

The judgment will be reversed and the cause remanded. The other judges concur.