———o———

IN THE MATTER OF THE NORTH MISSOURI R. R.

ANSWERS TO QUESTIONS PROPOUNDED BY THE LEGISLATURE.

1. *Supreme Court, Judges of—Questions propounded by the Legislature—Constitution, coustruction of.*—The Judges of the Supreme Court have the undoubted right to decide for themselves, whether questions presented for their determination by the Legislature and the occasions on which the questions are so presented, are such as to authorize the rendition of opinions as contemplated by the Constitution. (Art. VI, § 11.)

2. *Railroads, sale of—Act touching—Constitutionality of opinion of Supreme Court.*—The question as to the constitutionality of the sale of the North Missouri and that of the Missouri Pacific Railroads under the respective acts of March 17th, 1868, and March 31st, 1868, concerns the property rights of the State and the vested rights of individuals and corporations, and cannot be passed upon by the Supreme Court in response to resolutions relating thereto by the Legislature.

3. The Judges can only be called on for opinions touching matters of public concern when the occasion is such as to authorize such a call.

The opinion was rendered in response to the following Sen·ate Resolution:

Resolved by the Senate of the State of Missouri, that: Whereas, by the Constitution of the State of Missouri, article II, section 15, it is provided that the General Assembly shall have no power to release the lien held by the State upon any railroad.

And whereas, the General Assembly of the State of Missouri did by an act entitled an act to sell the claims of the State against the North Missouri Railroad Company and to amend the charter of said company, approved March 17th, 1868, assume in effect to release the greater part and portion of the State's lien upon the North Missouri Railroad.

And whereas, the General Assembly of the State of Missouri by an act entitled an act for the sale of the Pacific Railroad and to foreclose the State's lien thereon, and to amend the charter thereof, approved March 31st, 1868, did by the provisions of said act in effect release a large part and portion of the State's lien upon the Pacific Railroad. (of Mo.) And whereas said last mentioned road has since the passage of said act been in effect sold and conveyed to the Atlantic and Pacific Railroad by the terms of a lease for nine hundred and ninety-nine years. And whereas, grave doubts have arisen as to the constitutionality of said acts and of the validity of said lease. Therefore,

*Be it resolved,* That the Judges of the Supreme Court of the State of Missouri be required, under the provisions of the eleventh section of the sixth article of the Constitution of the State of Missouri, to give their opinions upon the questions of constitutional law, herein presented, with the request that such opinion be given at as early a day as possible. *Be it further resolved,* That the Secretary of the Senate forward to the Judges of the Supreme Court, now in session at St. Joseph, a copy of the resolutions without delay.

Opinion of the Judges of the Supreme Court given in an-

swer to the annexed resolutions of the Senate of the State of Missouri.

Conceding that the Senate has the right to determine for itself the occasion and the kind of questions which may be presented to the Judges of the Supreme Court for their opinion under the eleventh section of the sixth article of the Constitution, the Judges also have the same undoubted right to decide for themselves, whether the occasion and the questions are such as to authorize such opinion. With every disposition to comply with the request of the Senate, we have given this subject as careful an examination as our present pressing engagements will permit, and we have come to the conclusion that there is no authority under the Constitution allowing us to express an opinion on the matters embraced in the resolutions hereto annexed. The matters referred to concern the property rights of the State and the vested rights of individuals and corporations, and are such as are liable at any time to be brought before the courts in real controversies for adjudication.

It is not contemplated by the Constitution, that the Judges are to give their opinion on any questions which may afterwards come before them for adjudication. The expression of opinions on such matters might be looked upon as prejudging the case, and would greatly embarrass the court in its subsequent adjudications. The Judges are not only prevented from giving opinions when not authorized by the Constitution, but if they assume to do so in willful disregard of their duties under the Constitution, they would subject themselves to impeachment and removal from office.

The questions embraced by these resolutions are not such as concern the public alone, but they involve the consideration of the private rights of individuals and corporations.

The Judges can only be called on for opinions touching matters of public concern alone, when the occasion is such as to authorize such call.

We are satisfied that upon further reflection the Senate will arrive at the same conclusion, that we are not allowed by the Constitution to express any opinion on the matters. The views

here expressed are such as were entertained by the Judges of this court on a former occasion in answer to similar resolutions by the Senate. And we now refer the Senate to the opinion of the Judges given on that occasion with the remark, that we feel constrained to affirm the doctrines laid down in that opinion. (See 37 Mo., 135.)

. In view of our official obligations and the duties imposed on us by the Constitution, we regret that we are compelled to decline giving any opinion on the matters embraced in these resolutions, and we respectfully submit this as our answer to the questions propounded by the Senate.

We have the honor to be,

Very respectfully, &c.,

WASH. ADAMS,

DAVID WAGNER,

H. M. VORIES,

E. B. EWING,

T. A. SHERWOOD.