———o———

OPINION OF THE COURT, IN RESPONSE TO THE RESOLUTION OF THE GENERAL ASSEMBLY OF THE STATE OF MISSOURI.

1. *Constitution—"Solemn occasion," etc.—What is—Each branch of State government to determine question for itself.—Semble,* That what are "important questions of constitutional law," and what are "solemn occasions," (Art. VI, §11, State Const.) the framers of the Constitution intended each branch of the State government, to determine for itself.

2. *Constitution—Opinion of Supreme Court, cannot be given, when.—*The Court cannot under the State Constitution, (Art. VI, Supreme § 11,) give opinions on questions involving the interests of corporations or private persons, which may subsequently come before it in contested cases.

3. *Constitution—Proposed legislation—Effect of on State lien, etc.—*Questions relating to the effect of a proposed law upon a prior lien of the State, are not ones of constitutional law, but depend upon facts and principles of common law.

4. *Constitution—Extension of loan—Giving or loaning of credit.—Semble,* That an act of the legislature granting an extension of time upon a loan formerly made to a railroad company, is not in conflict with Art. XI, §14, State Const., which prohibits the giving or loaning of the State's credit, in aid of any person, association or corporation.

*On February 27th,* 1874, *the House of Representatives of the 27th General Assembly, adopted the following resolution, to-wit:*

"WHEREAS, One million five hundred thousand dollars of the indebtedness due by the Hannibal and St. Joseph R. R. Company, to the State of Missouri, matures during the present year, and, whereas, there has been introduced into this House, and referred to the Committee on Judiciary, a bill providing for an extension of twenty years time to said Railroad, on said indebtedness, by substituting a new series of bonds for the old ones, issued by the State to said R. R. Company, therefore,

*Resolved,* That the Judges of the Supreme Court of this State, are hereby requested to furnish to this House, at as' early a day as possible their opinion, on the question : Whether such an extension of time on said indebtedness, would be a loaning or giving of the State's credit, as is contemplated by Sec. 13, of Article 11, of the Constitution of the State of Missouri ? and also :

WHEREAS, The granting of such an extension of time to said R. R. Company on said bonds, would imperil the State's first mortgage lien on the property of said R. R. Company, by deferring it in point of priority to any other lien or claim now upon the property of said R. R. Company."

Which was read and adopted Feby. 9th., 1874.

J. T. PRATT, Chief Clerk.

In reply thereto, the Judges of the Supreme Court trans mitted the following paper : .

ST. JOSEPH, Feb. 23, 1874.

The Judges of the Supreme Court, are in receipt of a resolution of the House of Representatives, of the General Assembly of the State, requesting their opinion in regard to a proposed bill touching the guaranteed bonds of the Han. & St. Jo. R. R. Co., together with a copy of the proposed enactment, both of which have been forwarded by the Clerk of the House to the Clerk of this Court, at this place.

The questions propounded in the resolution, relate to the power of the legislature, under the 13th section of the 11th Article of our Constitution, to pass the proposed bill, giving an extension of 20 years to the company upon their indebtedness of fifteen hundred thousand dollars, for which the State holds a first lien on their property, and to the effect of such extension upon the rights of incumbrancers subsequent to the State.

The provision in our Constitution which requires the judges to give opinions, on "important questions of constitutional law" and on "solemn occasions," at the instance of the Governor or either branch of the General Assembly, is some-

what anomalous in its character, and couched in terms vague, indistinct and hardly susceptible of definite interpretation. What is a solemn occasion, or what may be regarded as an important question of constitutional law, are matters not easily defined; and the answers to these questions were perhaps, designed to be left to the legislative and executive departments of the government to determine for themselves, and to the Judicial Department to determine for itself; and such heretofore has been the practical construction of this provision.

On two former occasions this court has given opinions construing this 11th Section of the 6th Article, of the Constitution. (37 Mo., 135 ; 51 Mo., 586.) In both cases the court declined giving opinions upon questions involving the interests of corporations or private persons.

The House of Representatives will readily perceive the impropriety of a court in the last resort expressing, in advance, opinions upon points which may subsequently come before them in contested cases. Such opinions would be *ex parte,* without argument and without a due consideration of the facts, which might be material to a proper conclusion.

The questions propounded to the Judges mainly relate to the effect of the proposed law, upon the prior lien of the State, a question not of constitutional law at all, but depending altogether upon facts and principles of common law. We might readily conclude that the legislature has the power to grant the extension to the Han. & St. Jo. R. R. Co., if they thought proper to do so, and that the 14th Section of the 11th Article of the Constitution, which prohibits the credit of the State from being given or loaned in aid of any person, association or corporation, did not apply to a law which did not propose a loan or a gift, but simply an extension of time to a previous loan, and which might be necessary to secure the previous loan. But as the question embraces the right of incumbrances subsequent to that of the State, it is manifestly one which concerns others besides the State, and therefore is one upon which the court could not with any regard to the

limitations of judicial power, express any opinion in advance of actual litigation.

The opinion given by the Judges recently, in relation to a proposed law to re-district the State into judicial circuits, was upon a question affecting no private or corporate interests, but a question of public policy alone. Where others are concerned beside the State they are entitled to be heard; and an opinion in advance of litigation would be a violation of the fundamental principle upon which all courts are based.

The Judges must therefore, with the highest respect for the House of Representatives, decline to answer the questions propounded.

[Signed]                     T. A. SHERWOOD,
"                           DAVID WAGNER,
"                           W. B. NAPTON,
"                           H. M. VORIES,
"                           WASH ADAMS.