## *In re* School-Law Manual.

Legislative power cannot be delegated to the supreme court or to a commissioner appointed under the joint resolution, c. 144, Laws of 1885.

A statutory provision that certain rules and forms of school-law procedure, prepared by a commissioner, shall be deemed valid and sufficient when approved by the supreme court, does not empower the court to decide the judicial questions of validity until those questions arise in cases brought for trial and judgment.

A question of law is not judicially decided by opinions of the justices of the supreme court required under the 74th article of the constitution ; and that article does not authorize such advisory opinions to be required on questions which the body asking advice has determined not to consider.

Chapter 144, Laws of 1885, does not require legal advice of the justices under art. 74, and does not confer on them any power of approval or disapproval, legislative, judicial, or advisory.

Doe, C. J.   Chapter 144 of Laws of 1885, entitled "Joint resolution providing for the appointment of a commissioner to revise, codify, and amend the statute laws of the state relating to schools," authorized the governor, with the advice of the council, to appoint a commissioner " to compile the public statutes of this state relating to schools,   *   *   *   and frame rules and forms of proceeding in towns under said statutes, which rules and forms, when approved by the supreme court or a majority of the judges thereof, shall be deemed valid and sufficient."   The rules and forms drawn by the commissioner have been submitted to the court.   The resolution is not framed in the style prescribed by the 92d article of the constitution for making laws, is not an enactment of the commissioner's work, and does not require or contemplate a submission of any part of it to the senate and house for legislative action.   As the legislature have not passed and do not propose to pass upon the question of enactment, and legislative power could not be delegated to the commissioner or court (*Gould* v. *Raymond*, 59 N. H. 260, 276), the legal construction of the resolution is that it does not sanction an alteration of the school law.   The compilation of public statutes relating to schools, and the draft of rules and forms, are to be an advisory manual of the class of the Justice and Sheriff, Probate Directory, and Town Officer.   Although they have not the statutory force given to some forms of writs and processes by Gen. Laws, *c.* 222. *ss.* 14–20, *c.* 235, *ss.* 12, 13, and *c.* 243, *s.* 8, these books, written by learned and able men, are practically indispensable.   Upon them depends the expeditious, economical, and correct transaction of a large amount of public and private business, but they may not be wholly free from error.   *Spinney* v. *P. H. Co.*, 25 N. H. 9, 18, 19, 20.

The provision, that the rules and forms shall be deemed valid and sufficient when approved by the court, does not authorize a decision of the judicial questions of their sufficiency until those questions arise in cases, not mooted by the court, but brought by parties into court for trial and judgment.   As a retrospective act divesting private rights is not legislation, so a prospective determination of the validity of these rules and forms, without notice and opportunity of hearing given to persons whose interests may be involved in the facts and the law of a particular case, would not be an exercise of judicial power.   Cool. Const. Lim. 91, 353, 354; *Merrill* v. *Sherburne*, 1 N. H. 199, 203, 204.   Who will be entitled to notice, and what objections will be presented, cannot now be ascertained.   Questions which cannot be anticipated may arise in cases that cannot be foreseen, concerning rights not yet accrued and persons not yet in existence.

While the act of interested voters making a law, or electing interested agents to make it, without trial or notice, is an exercise of the right of self-government (Bill of Rights, arts. 7, 8, 11, 12, Const., arts. 13, 27, 28, 30, *Dorchester* v. *Youngman*, 60 N. H. 385),

the administration of justice requires the separation and independence of legislative and judicial powers (Bill of Rights, art. 37, *Ashuelot R. R.* v. *Elliot*, 58 N. H. 451), an opportunity for a trial, and the judicial disinterestedness and candor without which a trial cannot be fair. These common-law essentials of a trial are comprised in the constitutional definition and duty of the tribunal. A controversy would be continued, and not adjudicated, by one of the parties stating, in the form of a judgment, the conclusion reached by him upon his view of the facts and the law of the case ; and a party's interest is but one of several instances and degrees of judicial disability. As the jury trial of the constitution is the jury trial of the common law of the state (41 N. H. 550), so, without an express provision on the subject, the reasonable and practicable degree of impartiality required by the common and the natural law would be a necessary constitutional qualification of a juror or other judge. "It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws and administration of justice. It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit." Bill of Rights, art. 35; *Moses* v. *Julian*, 45 N. H. 52.

Our approval or disapproval of the rules and forms submitted by the commissioner would be advice given upon the question of their legal sufficiency. Binding neither the advisers nor the advised, it would be given to the public presumptively for the guidance of persons whose action, based upon it, would furnish an occasion for contesting, before us, the soundness of our advice. The inability of a judge to be of counsel to any party in matters brought before him as judge (Const., art. 79), results from an application to certain facts of a general and fundamental principle that disables a juror or other judge needlessly and unreasonably to do anything inconsistent with the inherent impartiality of his office. 33 Conn. 586, 587 ; 10 Minn. 78. This principle, established by the universal sense of justice, and adopted by the common law, is by necessary implication included in the constitutional meaning of a judicial branch of government. When the opinions of the justices of this court are not legally required under the 74th article of the constitution, their duty in regard to a question that can come before them for trial and decision may not be fully performed by a refusal to express an opinion. Answering one of two questions propounded to them by the governor and council in 1816, they said in regard to the other, "We have thought it our duty not to form an opinion."

The 74th article authorizes each branch of the legislature, as well as the governor and council, to require the advice of the justices of the supreme court upon important legal questions pending in the body entitled to the advice, and awaiting the consideration and action of that body in the course of its legislative or executive

·duty. The question of the validity of these rules and forms would not be decided by opinions required and given under that article. Prof. Thayer's Mem.; *Sackville's Case*, 2 Eden 371; *Adams* v. *Bucklin*, 7 Pick. 121, 126; 5 Met. 597; 9 Cush. 605; *Green* v. *Com.*, 12 Allen 155, 164; *Taylor* v. *Place*, 4 R. I. 324, 362; 25 N. H. 538. Such opinions, leaving that question undecided, would not answer any purpose of this resolution, and are not required by it; and the 74th article does not authorize the requirement of opinions on the question which the legislature have determined not to consider. 122 Mass. 600; 126 Mass. 561, 566; 37 Mo. 135, 137; 51 Mo. 586; 58 Mo. 369; *Opinion of the Justices* (given to the governor and council in 1816), 62 N. H. ——. The resolution does not confer on the court any power of approval or disapproval, legislative, judicial, or advisory.

All concurred.