Argued May 8; petition dismissed May 9, 1933

WIEDER ET AL. v. HOSS, SECRETARY OF STATE
(GILL ET AL., INTERVENERS)

(21 P. (2d) 780)

*W. S. U'Ren,* of Portland (Leslie E. Crouch, of Portland, on the brief), for petitioners.

*I. H. Van Winkle,* Attorney General, for defendant.

*Roy R. Hewitt,* of Salem, for interveners.

ROSSMAN, J. This is an appeal by two individuals who describe themselves as voters and taxpayers of the state of Oregon from the general ballot title and

the voting machine ballot title prepared by the Attorney General for submission to the voters of this state under the referendum of 1933 Session Laws, chapter 357. The general ballot title prepared by the Attorney General is:

"Grange Power Bill.

"Purpose: To provide for the state to acquire and develop water power and hydroelectric energy, either separately or jointly with the United States, another state or states, or subdivisions thereof, or of this state, transmit, distribute, use, sell and dispose thereof at cost; and for such purpose to acquire by purchase, lease or other legal means any property necessary or convenient therefor; all such property exempted from taxation; creating an elective nonpartisan commission of three members for managing such business; abolishing present hydroelectric commission. Bonds constituting general state obligations may be issued for financing such business only when voted by people".

The voting machine ballot title prepared by the Attorney General is:

"Grange Power Bill.

"Purpose: State development, distribution, sale at cost of water power and hydroelectric energy. Property acquired therefor tax exempt. State bonds to issue therefor only upon peoples' vote".

Appellants do not appeal from the short ballot title. They criticize the general ballot title in the following particulars: (1) "Said general ballot title does not mention the fact nor convey to the readers and voters the information that said bill exempts from all taxes all property controlled and/or operated by the commission created by said bill"; (2) that the general ballot title does not mention the fact that the bill prohibits courts "from issuing any restraining order or injunction against certain acts of the aforesaid commission in conducting said hydroelectric power and

light business as enacted by section 19 of said bill'';
and (3) that the general ballot title does not mention
the fact that the commission created by the bill "is
authorized to sell and dispose of revenue certificates
payable only from the income of the business as pro-
vided by section 31 of said bill".

Appellants' petition does not particularize their
objection to the machine ballot title.

Appellants submit the following as an appropriate
general ballot title for the measure:

"Purpose: To engage Oregon in hydroelectric pow-
er and light business under management of three elec-
tive nonpartisan commissioners; exempt from all taxes
all property purchased, constructed, leased, controlled
and/or operated by the commission for such business;
commission to finance the business by sale of state
general obligation bonds when voted by the people and
may sell revenue certificates payable only from busi-
ness income; must sell and dispose of electric energy
at cost; prohibits certain court injunctions against
commission; authorizes combinations in such business
by commissioners with United States, other states,
subdivisions thereof and of Oregon. Abolishes present
hydroelectric commission".

and also submit the following as an appropriate voting
machine ballot title:

"Grange Power Bill.

"Purpose: State production and sale hydroelectric
energy at cost. Property controlled and/or operated
therefor, tax exempt. Sale state bonds therefore if ap-
proved by peoples' vote".

 Section 36-2006, Oregon Code 1930, enjoins
upon the Attorney General the duty of preparing ballot
titles for measures submitted to the voters under the
referendum, and provides:

"Any person who is dissatisfied with the ballot
title or the short title provided by the attorney gen-

eral for any measure, may appeal from his decision to the supreme court''.

When the Attorney General prepares a ballot title he is neither friend nor foe of the bill. The ballot title which he prepares should be informative and not argumentative. It should be a label and not a brief. It should give a perspective of the measure and not a prejudgment upon its merits. But the result which the Attorney General can accomplish in the writing of the general ballot title is circumscribed by the fact that he is limited to the use of one hundred words only. In preparing a ballot title for a measure of the magnitude now before us, it is altogether likely that matters purely incidental or procedural can receive but scant mention in order to give proper attention to those which are the ultimate objectives of the bill. The mere fact that after an appeal has been taken and we have had the benefit of the additional labor bestowed upon the ballot title by counsel we may be able to write a better ballot title than the one prepared by the Attorney General constitutes no reason for discarding his title. The purpose of the appeal is not to secure for the bill the best possible ballot title, but to eliminate one that is ''insufficient or unfair,'' if it should develop that the one submitted by the Attorney General is of that kind. We believe that the general ballot title that appellants suggest is argumentative. The one prepared by the Attorney General possibly is somewhat subject to the criticism of the appellants. But the features which they stress can not be injected into the ballot title without taking out some in the Attorney General's title. Thus, the change would not all be gain. In our opinion, the ballot title prepared by the Attorney General is a fair and impartial statement of the purpose of the new law and will enable the voters, if called upon to do so,

to identify the measure brought before them for a vote. We are satisfied that the ballot title submitted by the Attorney General is not "insufficient or unfair".

■ The Attorney General has suggested that since § 36-2006, Oregon Code 1930, provides that "no appeal shall be allowed from the decision of the attorney general on a ballot title unless the same is taken within twenty days after said ballot title is filed in the office of the secretary of state" we ought not entertain this appeal until the full twenty-day period of time has elapsed lest some other individual may desire to prosecute an appeal. However, these appellants, like all other litigants, are entitled to have their appeal disposed of promptly, and if the public shall be required to vote upon the merits of this bill it is entitled to have the matter submitted as promptly as possible for public discussion. We shall, therefore, announce our decision now. If further appeals are prosecuted and are brought to the attention of this court, we shall then determine whether more than one appeal is permissible.

The petition of the appellants is, therefore, dismissed. Obedient to § 36-2006, we certify to the Secretary of State the ballot titles prepared by the Attorney General as proper titles for 1933 Session Laws, chapter 357.

BEAN, BELT, KELLY, CAMPBELL and BAILEY, JJ., concur.

RAND, C. J., did not participate.