Argued February 6, demurrer overruled; new ballot title certified
February 11, 1952

## BLITZ ET AL. *v.* NEUNER, AS ATTORNEY GENERAL
240 P. 2d 1193

*John A. Laing,* of Portland, argued the cause for appellants. On the brief were Laing, Gray & Smith, Gerald J. Norville, and Pipes & McKenna, all of Portland.

*George Neuner,* Attorney General, and *Cecil H. Quesseth,* Assistant Attorney General, of Salem, argued the cause and filed a brief for defendant.

PER CURIAM.

The petitioners are persons who are dissatisfied with the short ballot title which has been prepared by the Attorney General for a proposed initiative measure which was filed with the Secretary of State on 14 January 1952. The short ballot title so prepared reads as follows: "CONSTITUTIONAL AMENDMENT RELATING TO ALCOHOLIC LIQUOR". The nature

of the proposed constitutional amendment is indicated in the "general title" which reads as follows:

### "BALLOT TITLE

"CONSTITUTIONAL AMENDMENT RELATING TO ALCOHOLIC LIQUOR—Purpose: To amend the Oregon constitution by adding section 39 to Article I thereof, which provides that after January 1, 1953, no alcoholic liquor containing more than one-half of one per cent of alcohol by volume shall be manufactured or sold within the state, except for medicinal purposes upon prescription of licensed physicians. No alcoholic liquor herein described shall be imported except for medicinal, scientific, sacramental or mechanical purposes.

"The amendment is self-executing and all provisions of the constitution and laws of Oregon, charters and ordinances of all municipalities therein in conflict, are thereby repealed.

### "Vote YES or NO

"Yes. I vote for the proposed amendment.
"No. I vote against the proposed amendment."

Pursuant to the provisions of OCLA, § 81-2106, the petitioners have appealed to this Court from the decision of the Attorney General in preparing the short ballot title and assert that it is insufficient and unfair for the following reasons:

"(1) The words 'relating to alcoholic liquor' therein contained do not indicate or suggest that the proposed initiative measure would prohibit the manufacture, importation, or sale of alcoholic liquor in the State of Oregon.

"(2) For aught that appears in said short ballot title, the proposed amendment might be any one of a number of possible measures merely regulatory, as opposed to prohibitory, of the handling of alcoholic liquor, such for example as: one changing the present method of licensing the manufacture and sale of alcoholic liquor (the 'Knox Act'); or

a new local option measure; or a measure giving incorporated cities and towns greater control over the licensing of the manufacture or sale of alcoholic liquor; or even a measure authorizing and regulating the sale of spirituous alcoholic liquor 'by the drink' under certain conditions. The one fact not clearly implied by the words 'relating to alcoholic liquor' is that both the manufacture and sale of alcoholic liquor in the State of Oregon, as well as its importation into the state, would be prohibited by the proposed amendment.

"(3) Said short ballot title does not contain the one simple, distinctive, descriptive, and informative expression by which the measure would naturally and commonly be referred to and spoken of, by both its proponents and its opponents, or any equivalent of such expression.

"(4) Said short ballot title does not inform the voter or call to his attention in any manner that, in voting on a measure, 'relating to alcoholic liquor' he would be voting for or against statewide prohibition of the manufacture, importation, or sale of alcoholic liquor."

■ The "ballot title" comprehends both the short title and the general title. *Dodd v. Neuner, Attorney General et al,* 188 Or 510, 216 P2d 670. The statute provides that:

"* * * In making such ballot title the attorney general shall to the best of his ability give a true and impartial statement of the purpose of the measure and in such language that the ballot title shall not be intentionally an argument or likely to create prejudice either for or against the measure. * * *" OCLA, § 81-2106.

This provision applies to the short as well as to the general title. The same section provides that:

"* * * The ballot title shall contain: (1) A distinctive short title in not exceeding ten words

by which the measure is commonly referred to or spoken of  \*   \*   \*.''  OCLA, § 81-2106.

■ In *Richardson v. Neuner,* 183 Or 558, 194 P2d 989, this Court enumerated the general tests to be applied in reviewing the quasi-judicial activity of the Attorney General in preparing ballot titles. We are to determine whether he:

> ''\*   \*   \*   (1) acted impartially; (2) performed faithfully the duties delineated in the legislative acts which conferred jurisdiction upon it; (3) stayed within its jurisdiction; (4) committed no error of law; (5) exercised discretion judiciously and not capriciously; and (6) arrived at no conclusion which was clearly wrong.'' *Richardson v. Neuner,* supra.

■ In our most recent decision on this subject we held that by using the word ''distinctive'' the legislature intended:

> ''\*   \*   \*   that the language of the short title should so describe the measure as to convey to the voter's mind as nearly as may be the general character of the proposed legislation. The distinctive short title must be, as the statute says, in ten words 'by which the measure is commonly referred to or spoken of'.'' *Dodd v. Neuner, Attorney General et al,* supra.

■ The sufficiency of the short title ''CONSTITUTIONAL AMENDMENT RELATING TO ALCOHOLIC LIQUOR'' must be determined by the application of the statutory language as construed in the cases cited supra. The short title states the subject-matter of the constitutional amendment but does not state its purpose. It does not contain any words by which the measure is, or will be, commonly referred to or spoken of. We doubt if there are a dozen normal adults in the state who do not understand what is

meant by a prohibition law, or who would not readily identify the proposed measure as a prohibition law, and we doubt if anyone outside of a court room would say that a prohibition measure is commonly referred to or spoken of as an act "relating to alcoholic liquor." There is a real distinction between regulatory and prohibitory acts and in the instant case it is entirely possible to make that distinction clear in the short title. The principle involved here is identical to that with which we dealt in *Allen v. Van Winkle et al*, 136 Or 173, 298 P 241. In that case the short title prepared by the Attorney General was as follows: "Rogue River Commercial Fishing Bill." That title was broad enough to cover any type of regulation. The real purpose of the act was to prohibit commercial fishing. Upon appeal to this Court we held that the proposed title might reasonably result in misleading the voters and would tend towards confusion. We therefore certified to the Secretary of State a new short title as follows: "A Bill Prohibiting Commercial Fishing on the Rogue River." The decision in that case is controlling here. The following short title is therefore certified by us to the Secretary of State: PROHIBITION AMENDMENT TO OREGON CONSTITUTION. There being no appeal from the "general title," it is hereby certified as prepared by the Attorney General.

The demurrer to the petition is overruled.