Argued July 7, ballot title corrected July 8, 1953

## DAGWELL et al. *v.* THORNTON et al.

259 P. 2d 125

*Don S. Willner,* of Portland, argued the cause for appellants. With him on the brief were David Robinson and Sidney I. Lezak, of Portland.

*Lloyd G. Hammel,* Assistant Attorney General of Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, of Salem.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, BRAND and PERRY, Justices.

LATOURETTE, C. J.

This is an appeal by Benjamin D. Dagwell, Philip S. Hitchcock, E. J. Ireland, Julius J. Nodel and Thomas J. Tobin, from the action of the Attorney General in fixing a ballot title of a proposed referendum which attacks chapter 495, Oregon Laws 1953, the same being as follows:

## "AN ACT

"Relating to discrimination by places of public accommodation, resort or amusement because of race, religion, color or national origin; and providing remedies and penalties therefor.

*"Be It Enacted by the People of the State of Oregon:*

"Section 1. All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement, without any distinction, discrimination or restriction on account of race, religion, color or national origin.

"Section 2. A place of public accommodation, resort or amusement shall mean any hotel, motel or motor court, any place offering to the public food or drink for consumption on the premises, or any place offering to the public entertainment, recreation or amusement; provided that nothing contained in this Act shall be construed to include or apply to any institution, bona fide club or place of accommodation, resort or amusement, which is in its nature distinctly private.

"Section 3. All persons against whom any distinction, discrimination or restriction on account of race, religion, color or national origin has been

made by any place of public accommodation, resort or amusement as defined herein shall have a cause of action to recover damages in the sum of not to exceed $500 from the operator, manager or employe of such place, and in any such action the operator, manager or employe shall be jointly and severally liable.''

The ballot title prepared by the Attorney General is as follows:

''Purpose: Declaring all persons are entitled to equal facilities and privileges in any place of public accommodation, resort or amusement without discrimination because of race, religion, color or national origin. Gives to persons discriminated against a legal right to sue to recover damages up to $500 from person that discriminates.''

Appellants assert that the said ballot title

'' * * * does not accurately state the purpose of this measure. * * *

''Specifically, appellants object to that portion of the ballot title which declares that the bill applies to 'any place of public accommodation, resort, or amusement.' The definition of public accommodation contained in the Act limits the use of that term to certain specifically enumerated places of public accommodation.''

The 1953 legislature amended § 81-2106, OCLA, relating to ballot titles where the initiative or referendum is invoked. By such amendment the short ballot title is reduced from ten to six words and is designated a ''caption'', and the general ballot title is reduced from 100 to 50 words, and it is incumbent upon the Attorney General, in providing the general ballot title, to set forth in abbreviated form the *chief purpose* of the measure. In addition to this the Attorney General is directed to include a descriptive summary of

the measure distinct from the ballot title, expressing, in not more than 150 words, the purpose of the measure. It is further provided:

> * * * In making such ballot title and summary the Attorney General shall to the best of his ability give a true and impartial statement of the purpose of the measure and in such language that the same shall not be intentionally an argument or likely to create prejudice either for or against the measure. Any person who is dissatisfied with the ballot title or summary provided by the Attorney General for any measure, may appeal from his decision to the Supreme Court by petition, praying for a different title or summary and setting forth the reason why the title or summary prepared by the Attorney General is insufficient or unfair. * * *."

The question before us is whether or not the ballot title, as prepared by the Attorney General, is insufficient, unfair, misleading or confusing. See *Allen v. Van Winkle, Attorney General,* 136 Or 173, 298 P2d 241; *Wieder v. Hoss,* 143 Or 122, 21 P2d 780; *Richardson v. Neuner,* 183 Or 558, 194 P2d 989; *Blitz v. Neuner,* 194 Or 1, 240 P2d 1193.

In preparing the general ballot title the Attorney General embraced the language used in § 1 of the act, i.e., "any place of public accommodation," etc. Section 1 of the act was limited by § 2 in that a place of public accommodation, etc., was specifically defined.

■ To determine the chief purpose of the measure under consideration the act must be construed in its entirety rather than by piecemeal, and, from such construction, it is clear to us that the ballot title prepared by the Attorney General is too broad and comprehensive and therefore insufficient, unfair and misleading.

■ It is understandable that the Attorney General would cleave as closely as possible to the language of the statute; however, as hereinbefore pointed out, an isolated section of the statute may not be employed to determine the main purpose of the act.

For the above reasons the following ballot title, which is in the language of the title of the act itself, is certified by us to the Secretary of State:

Purpose: Declaring all persons are entitled to equal facilities and privileges in places of public accommodation, resort or amusement without discrimination because of race, religion, color or national origin. Gives to persons discriminated against a legal right to sue to recover damages up to $500 from person that discriminates.

WARNER, J., dissenting.

Addressing myself to the matter before us as an abstract proposition, I find myself in complete accord with the holding of the majority that the ballot title prepared by the attorney general is misleading. I also agree that the one designated by the court makes for a sufficient and fair statement of the purpose of the act to which it refers.

As a legal matter, however, and the occasion for this dissent, it is my position that it is our duty to refuse to take jurisdiction in this proceeding.

The reason for this conclusion is simple and direct. Section 81-2106, OCLA, as amended, mandates this court to rewrite a contested ballot title in the event it determines that the one devised by the attorney general is insufficient or unfair. In so doing, the legislature has attempted to impose upon this court duties of a nonjudicial character and obligations having a political import.

The state constitution gives positive recognition to the concept of three separate branches of government and lays upon us the heavy and clear duty to void the encroachments of one department upon the domain and traditional independence of the others. Art III, § 1, provides:

"The powers of the government shall be divided into three separate departments— the legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this constitution expressly provided."

Moreover, this court has already recognized the character of § 81-2106, OCLA, as potential legislative trespass upon the judicial department of this state. *Richardson v. Neuner,* 183 Or 558, 563, 194 P2d 989 (decided in 1948), was one wherein a ballot title, drawn pursuant to § 81-2106, was challenged. There this court very properly said:

"At the very outset the thought occurs that although § 81-2106 authorizes this appeal from action taken by the attorney general, the general nature of the duties performed by that official are not judicial, but executive. See Oregon Laws 1947, p. 556. Further, the issues presented by this appeal have as their subject matter the preparation of a ballot title, and, generally, the writing of ballot titles is not a judicial but a legislative or political function. Normally, appeals may be taken only from judicial bodies, and, generally, the doctrine of the separation of powers prohibits courts from infringing upon legislative functions.

"The preparation of a ballot title, like the writing of a title for a legislative bill, requires construction and interpretation of the measure itself. The purpose of a ballot title is to guide and inform the voters in a future election. A court

which writes a ballot title for an initiative measure knows that the title which it is writing will be printed upon the ballot if enough signatures are procured for the measure, and may be accepted by the signers and voters as an index to the meaning of the measure. Should the measure become involved in political discussion, the ballot title may be invoked by partisans to settle some of the debates. Thus, in a measure, the court which wrote the title would find itself drawn into the controversy as counsel by the side served by the title. If the measure is adopted at the election and if it later becomes the subject of judicial controversy involving its true interpretation, the court may find that either the appellant or the respondent will wish to contest the interpretation manifested in the ballot title which the court wrote.

"The judicial branch of our government is composed, not only of a given number of men, but, more important than the number, is the fact that the men must be impartial and must be able to decide controversies free from preconceived ideas. Normally, a venireman who has expressed a carefully thought-out opinion is disabled from serving as a juror. The history of the common law includes the constant effort of the judiciary to avoid all situations which impart the taint of bias and partisanship. Illustrations are Hayburn's Case, 2 Dallas 409, 1 L.Ed. 436, and In re School-Law Manual, 63 N.H. 574, 4 Atl. 878."

However, in avoidance of the cogent observations there made, the court then proceeded to accept jurisdiction of the pending matter. In justification for this action, it gave the following as its reason therefor (183 Or 564): " *  *  * Since the attorney general acts judicially when he writes a ballot title, his action may properly be subjected to judicial scrutiny."

With that part of the opinion in the Richardson case I cannot agree. I find no warrant in precedent

(and none is cited) nor in reason for holding that the attorney general, when engaged in the preparation of a ballot title, is acting judicially or even in a quasi-judicial capacity. To hold otherwise does violence to our earlier definitions of what constitutes a "judicial act". *School District No. 2 v. Lambert,* 28 Or 209, 223, 42 P 221. Also see *State v. Nagel,* 185 Or 486, 499, 202 P2d 640. To the contrary, the attorney general, when responding to the directions of § 81-2106, OCLA, is acting ministerially. *State v. Nagel,* supra; *Patterson v. Portland Smelting Works,* 35 Or 96, 106 56 P 407.

In *Kadderly v. Portland,* 44 Or 118, 150, 74 P 710, 75 P 222, Mr. Justice ROBERT S. BEAN makes this observation:

> " * * * The constitution has wisely divided the government into three separate and distinct departments, and has provided that no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in the constitution expressly provided: Const. Or. Art. III, § 1. It is true that power of any kind may be abused when in unworthy hands. That, however, would not be a sufficient reason for one coordinate branch of the government to assign for attempting to limit the power and authority of another department. * * *"

To this last expression there might be appropriately added, "nor a sufficient reason to attempt to transfer the authority of one department of the government to another."

It is a matter of paramount importance to the preservation of our system of republican form of government that our courts be ever vigilant to detect and ever quick to prevent the invasion of one depart-

ment of government into the fields reserved exclusively by the constitution as the area of activity of another department. It is an age-old thesis of departmental independence. If, perchance, we have in the past been inadvertently remiss in this respect, we should not hesitate to correct our error, rather than compound it as I am convinced is now being done, and rid the record of any imbalance between departments created by any earlier opinions and, to that end, unhesitatingly overrule previous decisions at odds with the precepts of Art III, § 1, of our constitution. In the instant matter this would be and should be accomplished by refusing to take jurisdiction of this appeal. Principle should not be perverted by precedent.

For these reasons, I dissent.