Argued May 1, petition allowed in part May 14, 1958

## COLUMBIA RIVER SALMON & TUNA PACKERS ASSOCIATION *v.* THORNTON ET AL

325 P. 2d 812

[ 1 ]

*Wendell Wyatt,* Astoria, argued the cause for petitioners.

*E. G. Foxley,* Deputy Attorney General, and *Loren Hicks,* Assistant Attorney General, Salem, argued the cause for defendants.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, BRAND, WARNER and MCALLISTER, Justices.

PER CURIAM.

The petitioners, Columbia River Salmon & Tuna Packers Association, a corporation, and James H. Cellars, a registered voter of this state, being persons dissatisfied with the ballot title provided by the Attorney General for an initiative measure which has been filed with the Secretary of State (see ORS 254.060, 254.070), have asked this court for correction thereof in accordance with the procedure prescribed in ORS 254.080. The measure in question reads as follows:

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"1. Steelhead is hereby declared a gamefish in the State of Oregon.

"2. It is unlawful to take steelhead fish in any of the waters of the State of Oregon, over which the State has jurisdiction, concurrently or otherwise in any manner except by hook and line, commonly called angling.

"3. Violation of this law shall be punishable by a penalty of not less than $500.00 nor more than $1,000.00 and/or imprisonment in the County jail for a period of not less than 30 days or more than 90 days."

The ballot title reads:

"MAKING STEELHEAD A GAME FISH

"Purpose: Declaring steelhead to be a game fish; making it unlawful to take steelhead other than by hook and line; and providing a penalty."

ORS 254.070 provides:

"* * * The ballot title shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 25 words in length of the chief purpose of the measure. * * * In writing the ballot title the Attorney General shall, to the best of his ability, give a true and impartial statement of the purpose of the measure and in such language that the same shall not be intentionally an argument or likely to create prejudice either for or against the measure."

■■ We are of the opinion that the obvious purpose of the measure is to prohibit commercial fishing for steelhead, and that this will be its effect if it should be enacted into law by the people, and that the ballot title, as prepared by the Attorney General, therefore, does not measure up to the requirements of the statute. The five words of the caption are not, as we view it, words "by which the measure is commonly referred to or spoken of," nor does the abbreviated statement express the "chief purpose of the measure." At the argument, however, counsel for the petitioners withdrew their objection to the abbreviated statement in

the event that the caption should be rewritten to meet their views. We therefore certify to the Secretary of State a ballot title for the measure in question, the caption of which shall read as follows:

"PROHIBITING COMMERCIAL FISHING FOR STEELHEAD"

and the remainder to read as prepared by the Attorney General. See *Blitz v. Neuner*, 194 Or 1, 240 P2d 1193; *Allen v. Van Winkle*, 136 Or 173, 298 P 241.

■ We have given due consideration to the ably-presented contention of the Attorney General that the statute under which this proceeding is brought is an unconstitutional attempt to confer powers other than judicial on this court. But, notwithstanding the persuasiveness of the argument, we are of the opinion that we should not at this late day overrule a long line of cases beginning with *Davis v. Van Winkle*, 130 Or 304, 278 P 91, 280 P 495, in which we have accepted the responsibility and discharged the duty imposed on us by the statute.

Motion to dismiss denied, ballot title revised.

Mr. Justice WARNER dissents on the grounds stated by him in *Dagwell v. Thornton*, 199 Or 8, 12, 259 P2d 125.